UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Juan Pena,

Plaintiff,

- against -

AEB Service Corporation, 1131 Sasco Hill Road LLC,
Andrew Beer, Eleanor Beer, Barney Taglialatela, Gary
Andrew Webber, and Derby F. Anderson

Defendants.

Case No.

**JURY TRIAL DEMAND**

Plaintiff Juan Pena ( "Plaintiff"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against Defendants AEB Service Corporation, 1131 Sasco Hill Road LLC, Andrew Beer, Eleanor Beer, Barney Taglialatela, Grey Andrew Webber, and Derby F. Anderson (collectively "Defendants") alleges and shows the Court the following:

## <u>NATURE OF THE ACTION</u>

1.     Plaintiff complains, pursuant to Fed.R.civ.P. 23, that he is entitled to: (i) unpaid wages from defendants for work performed for which he received no compensation at all; (ii) unpaid minimum and unpaid wages for overtime work for which he did not receive overtime premium pay, as required by law, and (iii) liquidated damages, costs, interest and attorneys' fees pursuant to the Connecticut Minimum Wage Act ('CMWA"), conn. Gen. Stat. § 3 1-68(a), 3 1-72.

## <u>JURISDICTION AND VENUE</u>

2.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3.     This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4.     This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

6.     Plaintiff was, at all relevant times, an adult individual residing in Jackson Heights, New York.

7.     Plaintiff was employed by Defendants from on or around 1995 to July 2018, as a maintenance worker at Defendants' properties located in the following premise:

a) 2550 Bronson Road, Fairfield, CT 06824;

b) 1131 Sasco Hill Road, Fairfield, CT 06824; and

c) 2 Hidden Hill Rd., Westport, CT 06880.

8.     Upon information and belief, Corporate Defendant AEB Services Corporation is a foreign business organization organized under the laws of the state of Delaware with a principal place of business at 2 Hidden Hill Road, Westport, CT, 06880. Defendants Eleanor Beer and Andrew Beer, Barney Taglialatela, and Grey Andrew Webber are the owners and operators of the corporation. Defendant AEB Services Corporation is at all relevant times an employer of Plaintiff under state and federal law.

2

9.     Upon information and belief, Corporate Defendant 1131 Sasco Hill Road LLC is a domestic business organization organized under the laws of the states of Connecticut with a principal place of business at 1131 Sassco Hill Riad, Fairfield, CT 06824. Defendant Gary Andrew Webber and Derby F. Anderson are the owners and operators of the corporation. Defendant 1131 Sasco Hill Road LLC is at all relevant times an employer of Plaintiff under state and federal law.

10.     Upon information and belief, Defendant Eleanor Beer is an owner, officer, shareholder, and manager of AEB Service Corporation. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at the properties, establish their wages, set their work schedules, and maintain their employment records. Defendant Eleanor Beer is a resident of Connecticut.

11.     Upon information and belief, Defendant Andrew Beer is an owner, officer, shareholder, and manager of AEB Service Corporation. Upon information and belief, at all relevant to the allegations herein, he the power to hire and fire employees at the properties establish their wages, set their work schedules, and maintain their employment records. Defendant Andrew Beer is a resident of Connecticut.

12.     Upon information and belief, Defendant Barney Taglialatela is an owner, officer, shareholder, and manager of AEB Service Corporation. Upon information and belief, at all relevant to the allegations herein, he the power to hire and fire employees at the properties establish their wages, set their work schedules, and maintain their employment records. Defendant Barney Taglialatela is a resident of Connecticut.

13.     Upon information and belief, Defendant Gary Andrew Webber is an owner, officer, shareholder, and manager of AEB Service Corporation. Upon information and belief, at

all relevant to the allegations herein, he the power to hire and fire employees at the properties establish their wages, set their work schedules, and maintain their employment records. Defendant Gary Andrew Webber is a resident of Connecticut.

14.     Upon information and belief, Defendant Gary Andrew Webber is an owner, officer, shareholder, and manager of 1131 Sasco Hill Road LLC . Upon information and belief, at all relevant to the allegations herein, he the power to hire and fire employees at the properties establish their wages, set their work schedules, and maintain their employment records. Defendant Gary Andrew Webber is a resident of Connecticut.

15.     Upon information and belief, Defendant Derby F. Anderson an owner, officer, shareholder, and manager of 1131 Sasco Hill Road LLC . Upon information and belief, at all relevant to the allegations herein, he the power to hire and fire employees at the properties establish their wages, set their work schedules, and maintain their employment records. Defendant Derby F. Anderson is a resident of Connecticut.

16.     Upon information and belief, during the times relevant to this Complaint, Defendants have generated more than $500,000 in revenues every year from 1995 to the July 2018.

17.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

18.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

19.     Defendants employed the Plaintiff as employees within the meaning of FLSA § 203.

## STATEMENT OF FACTS

20.     Plaintiff was employed by Defendants from 1995 to July 2018, as a maintenance worker at the multiple properties. Plaintiff provides typical handy man services, cleaning, feeding and caring for the dogs and cats.

21.     During his employment, Plaintiff regularly worked seven (7) days a week, Monday through Friday he worked from 5:00 am to around 7:00 pm and Saturday and Sunday he worked from 5:00 am to 7:00 am. Plaintiff was not allowed to leave the premise and has to be on-call for work throughout the day. Plaintiff was not afforded any break during which he was completely relived from duty and was not subject to any job assignments. Plaintiff therefore worked at least around seventy-two to eighty-four hours (72-84) a week.

22.      Plaintiff salary was $41,000 per year and was paid on a semi-monthly basis. From 2013 to on or about May 2015 Plaintiff Pena was under company's payroll. On or about June 2015 to July 2018 Plaintiff Pena was paid cash and or personal checks.

23.     During all relevant time to the instant matter, Defendants failed to adopt any means ( time cards, sign-in and out sheet etc.) to accurately record the amount of hours its employees worked.

24.     Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

25.     Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

26.     Plaintiff's work was performed in the normal course of the Defendants'

business and was integrated into the business of Defendants.

27.     The work performed by Plaintiff required little skill and no capital investment.

28.     Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

29.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

30.     At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

31.     Defendants willfully failed to pay Plaintiff the federal statutory minimum wage throughout his entire employment in violation of 29 U.S.C. § 206(a)(1).

32.     Defendants willfully failed to pay Plaintiff for all hours worked in excess of forty hours per week for each week, in violation of 29 U.S.C. § 207(a)(1).

33.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA,  29 U.S.C. § 211(c).

34.     The foregoing conduct, as alleged, constitutes a willful violation of the

FLSA within the meaning of 29 U.S.C. § 255(a).

35.     Defendants are jointly and severally liable to all workers for violations of their rights under federal law.

36.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF:
### CONNECTICUT WAGE AND HOUR LAW

37.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

38.     Defendants willfully violated Plaintiff's rights by failing to pay him compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

39.     Defendants willfully failed to distribute records of hours worked, earnings and overtime to the workers, in violation of Conn. Gen. Stat. § 31-13a.

40.     Defendants willfully failed to keep records of hours worked by the plaintiff, in violation of Conn. Gen. Stat. § 31-66.

41.     Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

42.     Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

43.     Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

44.     As a result of these violations, Plaintiff suffered damages.

45.     Defendants are jointly and severally liable to Plaintiff for violations of his rights under state law.

46.     Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of his unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

### THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT

47.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

48.     Defendants collectively entered into oral, written, and/or implied contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

49.     Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

50.     Defendants breached the contracts with Plaintiff by failing to pay contractually established wages for work performed by Plaintiff.

51.     Defendants' contracts with Plaintiff implied payment of overtime wages, in accord with federal and state law.

52.     Because of Defendants' breach of contract, Plaintiff suffered from a loss of expected wages.

53.     Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

54.     Plaintiff is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

### *FOURTH CLAIM FOR RELIEF:*
### *BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING*

55.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56.     Defendants collectively entered into written and/or oral contracts with Plaintiff and Plaintiff's acceptance was supported by good and valuable consideration.

57.     Plaintiff fulfilled his contractual obligations by laboring for the benefit of Defendants.

58.     Defendants, in bad faith, denied Plaintiff the benefit of the contract by failing to pay the contractually established wages.

59.     Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, failure to pay statutorily mandated overtime, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiff.

60.     Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff suffered from a loss of expected wages.

61.     Plaintiff is entitled to damages for Defendants' contract breaches for 6 years preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

62.     Plaintiff is entitled to monetary damages equal to the amount they agreed upon, plus interest.

## FIFTH CLAIM FOR RELIEF:
## UNJUST ENRICHMENT & QUANTUM MERUIT

63.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64.     By laboring at Defendants' properties, Plaintiff provided benefits to Defendants.

65.     Plaintiff expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay Plaintiff wages for all labor performed constituted a distinct detriment to the Plaintiff.

66.     Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a.   An order tolling the statute of limitations;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

c.   An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with

10

Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of overtime compensation and minimum wages due under the FLSA and the CMWA;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

f.  An award of damages arising out of the non-payment of wages;

g.  An award of prejudgment and post-judgment interest;

h.  Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

11

Dated: June 11, 2019                              HANG & ASSOCIATES, PLLC.
       Flushing, New York

                                        */S/ JIAN HANG*
                                        Jian Hang (ct29549)
                                        136-18 39th Ave., Suite 1003
                                        Flushing, New York 11354
                                        Tel: 718.353.8588
                                        jhang@hanglaw.com
                                        *Attorneys for Plaintiff*